IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERBE USA, INC.<br>2225 Northwest Parkway<br>Marietta, Georgia, 30067,<br><br>  and<br><br>ELECTROMEDIZIN GMBH<br>Waldhornlestrasse 17<br>D-72072<br>Tubingen, Germany,<br><br>             Plaintiffs,<br><br>       v.<br><br>DR. JEROME CANADY<br>1108 Industry Road<br>Box 8<br>McKeesport, Pennsylvania  15132,<br><br>  and<br><br>CANADY  TECHNOLOGY LLC<br>144 Research Drive<br>Hampton, Virginia  23666<br><br>             Defendants. | Civil Action No. _____<br><br><br><br><br><br><br><br><br><br>COMPLAINT |

## COMPLAINT

Plaintiffs, ERBE USA, Inc. and ERBE Elektromedizin GmbH (collectively

referred to as "ERBE"), file this Complaint against Defendants, Dr. Jerome Canady and

Canady Technology LLC (collectively referred to as "Canady") and allege as follows:

2124581v05

## PARTIES

1.      ERBE USA, Inc., a subsidiary of ERBE Elektromedizin GmbH, is a corporation organized and existing under the laws of the State of Georgia with its corporate headquarters and principal place of business at 2225 Northwest Parkway, Marietta, Georgia, 30067.

2.      ERBE Elektromedizin GmbH is a corporation organized and existing under the laws of the Republic of Germany, with its headquarters and principal place of business at Waldhornlestrasse 17, D-72072, Tubingen, Germany.

3.      ERBE is and has been in the business of manufacturing and selling electrosurgical generators and related devices, including argon electrocoagulation equipment.  ERBE manufactures and sells flexible endoscopic probes for gastrointestinal and tracheobronchial argon plasma coagulation.

4.      Upon information and belief, Canady Technology, is a corporation organized and existing under the laws of the State of Delaware with its corporate headquarters at 144 Research Drive, Hampton, Virginia, 23666, and a principal place of business at 1108 Industry Road, Box 8, McKeesport, Pennsylvania, 15132.

5.      Upon information and belief, Dr. Jerome Canady resides at 1119 Jefferson St., McKeesport, Pennsylvania, and is the principal owner and Chief Executive Officer of Canady Technology, LLC.

6.      Upon information and belief, Canady offers for sale or sells flexible endoscopic probes for gastrointestinal and tracheobronchial argon plasma coagulation, in this district and elsewhere in the United States.

2

## JURISDICTION AND VENUE

7.      The actions for patent misuse and false marking action arise under the Patent Act of 1952, as amended, Title 35, United States Code, and the unfair competition actions arise under the Lanham Act, Title 15, United States Code §§ 1051 *et seq*.

8.      This Court has original subject matter jurisdiction for the patent claims pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and the unfair competition claims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and 1338(b).

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

10.      In traditional gas-enhanced electro-coagulation, bleeding tissue is coagulated by applying electrical arc or spark discharges to stop blood flow from bleeding tissue by way of conducting RF electrical energy to the tissue within a laminar flow of an ionizable gas such as argon at a flow rate sufficient to clear natural fluids from the tissue and to substantially expose the underlying tissue.

11.      In 1989, Günther Farin, Karl Ernst Grund and Klaus Fischer discovered a new type of gas-enhanced electrocoagulation which has become known as argon plasma coagulation ("APC"). In argon plasma coagulation, a non-directed, non-laminar flow of gas creates an inert gas atmosphere, i.e., a cloud in the area between the tissue to be coagulated and the flexible probe. This inert gas cloud provides for the coagulation of tissue even when a flow of gas is not directed at the area to be coagulated.

3

12.     Messrs. Farin, Grund and Fischer continuously worked to perfect their discovery up through November 24, 1992, when an application for a patent was filed in the U.S. Patent and Trademark Office.  Evidence of their diligence includes a journal article of clinical testing performed from June 1991 to September 1992, authored by Messrs. Grund and Farin, and listed on the face of U.S. Patent No. 5,720,745, that subsequently issued from that application.  Attached as Exhibit A is the journal article Grund et al., "Endoscopic Argon Plasma . . . Flexible Endoscopy" Endoscopic Surgery and Allied Technologies, No. 1, vol. 2, pp. 42-46, Feb. 1994.

13.     ERBE began selling its flexible endoscopic probes for gastrointestinal and tracheobronchial argon plasma coagulation ("APC probes") in Europe in about 1993 and in the United States in about 1996.

14.     Dr. Jerome Canady is the named inventor of U.S. Patent No. 5,207,675 ("the '675 patent").  The '675 patent, filed July 15, 1991, discloses a "surgical tissue coagulator" including a "flexible tube."  The tube is connected to "a source of an inert, ionizable gas, so that a stream of the gas can flow through the tube," and a "handle is attached to the tube adjacent the proximal end of the tube for maneuvering the tube."

15.     Claim 1 of the '675 patent requires, *inter alia,* a "surgical tissue coagulator comprising an elongate, biocompatible, flexible tube . . .; means for connecting the proximal end of said tube with a source of an inert, ionizable gas . . .; and a handle attached to said tube adjacent the proximal end of the tube for maneuvering said tube within said endoscope while said handle is outside said endoscope."  Similarly, Claim 13 of the '675 patent, requires that "a handle attached to said tube adjacent the proximal end of the tube for maneuvering said tube within said endoscope while said handle is

4

outside said endoscope." Claims 1 and 13 are the only independent claim in the '675 patent.

16.    On August 29, 1996, Dr. Canady and his then-current licensee of the '675 patent, Argon Electrosurgical Corp., sued ERBE for patent infringement in this Court, alleging that ERBE's APC probes infringed the claims of the '675 patent.

17.    On September 10, 1998, this Court found that ERBE's APC probes did not infringe the '675 patent, either literally or under the doctrine of equivalents. The Court "construed the scope and meaning of the claimed 'handle' element in claim 1 of the '675 patent as having a limitation of 'maneuvering' a tube within an endoscope" and found that "the limitations of the claimed 'handle' do not cover the accused 'plug' [of ERBE's flexible probes]." The Court also found that, under the doctrine of equivalents, "although the accused 'plug' may cover the structural limitations of the recited 'handle' in claim 1, the accused 'plug' does not perform the same function as the claimed 'handle' element" since the "accused 'plug' is used to connect to an adapter while the claimed 'handle' is used to maneuver a tube within an endoscope." Attached as Exhibit B is a copy of Judge Urbina's memorandum opinion.

18.    The Court of Appeals for the Federal Circuit affirmed this decision on May 10, 1999, without opinion.

19.    On March 31, 2000, upon motion by Canady, Judge Urbina vacated the decision regarding ERBE's non-infringement of the '675 patent. Judge Urbina determined that some possibly relevant documents were not produced by ERBE during the course of litigation.

2124581v05

20.    After additional discovery, on July 29, 2005, Judge Urbina again upon motion for summary judgment found that "no reasonable jury could find that the plug of the APC probe is used as a handle for maneuvering the tube within an endoscope during a tissue coagulation procedure." Canady appealed Judge Urbina's July 29, 2005 Memorandum Opinion, a copy of which is attached as Exhibit C.

21.    The Court of Appeals for the Federal Circuit affirmed Judge Urbina's opinion on May 5, 2006, without opinion.

22.    In June 2005, Dr. Canady sued ERBE in the United Kingdom on European Patent No. 0595967, the foreign counterpart to the '675 patent. On December 21, 2005, while his second appeal to the Federal Circuit was pending, the U.K. High Court of Justice Chancery Division Patents Court agreed with Judge Urbina. That court found that the ERBE APC probes did not infringe the European patent because of the absence of a handle in the ERBE probes. The court specifically found that "the handle must . . . perform some function over and above merely connecting." The U.K. court also found that there was "no identifiable component which does perform such a further function" in the ERBE APC probes. Attached as Exhibit D is a copy of the U.K. Judgment. Dr. Canady immediately appealed the U.K. decision

23.    In the United Kingdom, an unsuccessful plaintiff may be ordered to reimburse the attorney fees and other costs of the successful defendant. In the U.K. case between Dr. Canady and ERBE, Dr. Canady was ordered to pay ERBE £473,182.87, or almost $900,000. Dr. Canady failed to pay ERBE as ordered by the court and, consequently, on July 11, 2006, his appeal of the non-infringement decision was dismissed.

24.     Upon information and belief, in September 2005, Canady began importing and offering for sale in this district and elsewhere in the United States flexible probes that could be used only with ERBE-manufactured argon systems to perform argon plasma coagulation ("Canady I devices").

25.     The flexible Canady I devices are very similar in appearance to ERBE's flexible probes for argon plasma coagulation – both probes have a "plug," but not a "handle" (as these terms were defined by trial courts in both the U.S. and the U.K.).

26.     Canady advertises that the Canady I devices are covered under U.S. Patent No. 5,207,675.  A copy of the advertising bearing the patent marking is attached hereto as Exhibit E.

27.     Upon information and belief, in May 2006, Canady began importing and offering for sale in this district and elsewhere in the United States flexible probes that could be used with argon systems manufactured by Söring GmbH, but that are used to perform argon plasma coagulation ("Canady II devices").

28.     Canady advertises that Canady II devices are covered under U.S. Patent No. 5,207,675.

29.     On information and belief, the Canady II devices do not have a "handle" as required by the '675 patent.

30.     In attempting to sell its Canady I devices and its Canady II devices, Canady claims to be the "First to Invent Argon Plasma Coagulators via Flexible Catheters," even though the '675 patent was directed to argon <u>beam</u> coagulation and Canady did not offer to sell any flexible catheters for argon plasma coagulation until

2005. An example of this advertising is found on Canady's website at

http://www.canadytechnology.com/home/home.asp and attached hereto as Exhibit F.

## COUNT I:

### False Marking in Violation of 35 U.S.C. § 292

31.     ERBE incorporates by reference the allegations contained in paragraphs 1
through 30 above.

32.     As shown in Exhibit F, Canady advertises that its flexible probes are
covered by the '675 patent, thereby engaging in false marking prohibited by 35 U.S.C. §
292(a).  The flexible probes do not have all of the elements claimed by the '675 patent.
For example, neither the Canady I device nor the Canady II device has a handle, as
required by the claims of the '675 patent.

33.     After years of litigation involving the '675 patent, Canady knows, or
should know, the metes and bounds of the claims of the '675 patent.  At least two
courts, on three separate occasions, on two continents have interpreted the claims of the
'675 patent to require the existence of a "handle."

34.     By marketing and selling its flexible probes for argon plasma coagulation
as being covered by the '675 patent mark, Canady has knowingly and intentionally
marked the Canady devices with U.S. Patent No. 5,207,675 in violation of 35 U.S.C.
§292.

35.     ERBE and the public have been, and are likely to be, injured by Canady's
intentional violation of 35 U.S.C. §292.

## COUNT II:

### False Marking as False Advertising in Violation of 15 U.S.C. § 1125

36.    ERBE incorporates by reference the allegations contained in paragraphs 1 through 35 above.

37.    Canady has, by advertising its flexible probes for argon plasma coagulation with the phrase "U.S. Patent No. 5,207,675," made false and misleading statements that such devices are patented, when they are not, in fact, protected under the '675 patent.

38.    By such advertising, Canady is attempting to deceive consumers of flexible probes for electrosurgical coagulation into believing that the Canady devices are covered by the '675 patent.

39.    By marketing its flexible probes for argon plasma coagulation as being covered by its '675 patent, Canady is falsely designating its goods in an attempt to influence consumer purchasing decisions.

40.    ERBE has been, and is likely to be, injured by Canady's attempt to falsely designate its goods in violation of § 43(a) of the Lanham Act.

## COUNT III:

### False Advertising in Violation of 15 U.S.C. § 1125

41.    ERBE incorporates by reference the allegations contained in paragraphs 1 through 40 above.

42.    In advertising its flexible probes for argon plasma coagulation, Canady claims that it was the "First to Invent Argon Plasma Coagulators via Flexible

9

Catheters."  In almost a decade of litigation regarding the '675 patent, Canady has provided no evidence of a reduction to practice of the '675 patent prior to filing the application.

43.    Canady knows that prior to July 15, 1991, Messrs. Farin, Grund and Fischer invented argon plasma coagulation.

44.    Some of the experimental uses of argon plasma coagulation between June 1991 and September 1992 are described in a journal article in the public domain, authored by Messrs. Grund and Farin.  Canady has asserted that this article is evidence of prior art as part of its affirmative defense to a patent infringement action brought by ERBE in the Western District of Pennsylvania.

45.    The '675 patent does not disclose or claim argon plasma coagulation. Instead, it discloses laminar flows which are unable to form the argon cloud required for argon plasma coagulation.  As the named inventor of U.S. patent No. 5,207,675, Dr. Canady knew that he did not invent "argon plasma coagulation."

46.    Moreover, the '675 patent specifically relates to argon <u>beam</u> coagulation and not argon <u>plasma</u> coagulation, as described in the "Background of the Invention" section of the '675 patent.

47.    Canady's statement that it is the "First to Invent Argon Plasma Coagulators via Flexible Catheters," posted on the first page of the Canady Technology LLC website and presented in advertising, attached as Exhibit F, is knowingly false, and is likely to deceive consumers of electrosurgical probes used in argon plasma coagulation into believing that Canady invented the first argon plasma coagulator and

10

the use of flexible catheters in conjunction with the coagulators.  This statement is likely to influence consumer purchasing decisions.

48.     By making these knowingly false statements about its flexible probes for argon plasma coagulation, Canady is falsely designating its goods in an attempt to influence consumer purchasing decisions.  ERBE has been, and is likely to be, damaged by this violation of Section 43(a) of the Lanham Act.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1.      Order that Canady, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Canady, not commit further acts of false marking in accordance with 35 U.S.C. § 292 and 15 U.S.C. § 1125.

2.      Order that Canady, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Canady, not commit further acts of false advertising in accordance with 15 U.S.C. § 1125.

3.      Order that Canady, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Canady, be fined $500 for each instance of false marking in accordance with 35 U.S.C. §292, of which one half shall go to ERBE.

4.      Order that Canady, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Canady, deliver up for impounding during the pendency of this action and for destruction at the conclusion of this action, all of the Canady advertising and promotional materials for flexible probes for argon plasma coagulation in the possession of Canady or under their control, in particular all materials bearing the statement "First to Invent" and/or "U.S. Patent No. 5,207,675, and/or all colorable imitations thereof, in accordance with  15 U.S.C.  §§ 1116, 1118 and 1125.

5.      Order that Canady pay ERBE compensatory damages based on lost profits, reduced profits, prejudgment interest, and/or for any other available damages

2124581v05

based on any form of recoverable economic injury sustained by ERBE as a result of Canady's acts of false advertising, and to account for all gains, profits and advantages derived by Defendants from said false marking and advertising, in accordance with 15 U.S.C. § 1125.

6.      Order that the award of monetary damages requested in paragraphs 5 and 6 be trebled in accordance with 15 U.S.C. § 1117.

7.      Find that this is an exceptional case and order Canady to pay ERBE's attorneys' fees and costs in accordance with 15 U.S.C. § 1117.

8.      For such other and further relief as this Court deems just and proper.


Dated: August 24, 2006                    Respectfully submitted,


                                  By:  _____
                                       Philip G. Hampton, II
                                       D.C. Bar No. 460787
                                       Charmaine Cheung
                                       D.C. Bar No. 489141

                                       DICKSTEIN SHAPIRO
                                       1825 I Street, NW
                                       Washington, DC  20006-5403
                                       (202) 420-2200

                                       Attorneys for ERBE USA, INC. and
                                       ERBE ELECTROMEDIZIN GMBH