IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERBE, USA, INC. and
ERBE ELECTROMEDIZIN GMBH,

    Plaintiffs,

v.

DR. JEROME CANADY and CANADY
TECHNOLOGY LLC,

    Defendants.

Civil Action No. 05-1674

JURY TRIAL REQUESTED

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(3) AND 12(b)(6)

Defendants Jerome Canady, M.D. and Canady Technology LLC respectfully move this Court pursuant to Fed.R.Civ. P. 12(b)(3) to dismiss the Complaint for improper venue and under Rule 12(b)(6) for failure to state a claim against either Dr. Jerome Canady or Canady Technology LCC, and, in the alternative, to transfer this case pursuant to 28 U.S.C. §1404 to the U.S. District Court for the Western District of Pennsylvania.

The grounds for Defendants' motion are set forth in the accompanying Memorandum in Support.

Dated: October 2, 2006

By: /s/ Timothy R. DeWitt

Timothy R. DeWitt
24IP Law Group USA, PLLC
12 E Lake Dr
Annapolis, MD 21403
410.212.2539

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2006, a copy of the foregoing Defendants' Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3) and 12(b)(6), memorandum in support and exhibits thereto were filed electronically and notice of filing was sent to all parties by operation of the Court's electronic filing system. The parties listed below may access these filing through the Court's system. Additionally, the above-referenced documents were served on counsel listed below by First Class Mail.

        Philip C. Hampton, II, Esq.
        Charmaine Cheung, Esq.
        Dickstein Shapiro LLP
        1825 Eye Street, NW
        Washington, DC  20006

        _/s/ Timothy R. DeWitt_
        Timothy R. DeWitt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ERBE, USA, INC. and
ERBE ELECTROMEDIZIN GMBH,

    Plaintiffs,

  v.

DR. JEROME CANADY and CANADY
TECHNOLOGY LLC,

    Defendants.

Civil Action No. 05-1674

JURY TRIAL REQUESTED

---

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.
12(b)(3) AND 12(b)(6)**

Defendants Jerome Canady, M.D. and Canady Technology LLC respectfully move this Court pursuant to Fed.R.Civ. P. 12(b)(3) to dismiss the Complaint for improper venue and under Rule 12(b)(6) for failure to state a claim against Dr. Jerome Canady.

**I.**  **INTRODUCTION**

Dr. Jerome Canady, a resident of McKeesport, Pennsylvania, founded Canady Technology LLC "(Canady Technology") in 2005 and located its principal place of business in McKeesport, Pennsylvania. Dr. Canady started Canady Technology for the purpose of marketing and selling products for use in a type of electrosurgery known as "argon plasma coagulation" ("APC") or "argon beam coagulation" ("ABC"). Canady Technology has no place of business in Washington, DC. Likewise, neither ERBE USA, Inc. or ERBE Elektromedezin GmbH (collectively, "ERBE") has any facilities or employees in Washington, DC. ERBE previously attempted to add the claims presented in this action to an action pending between the same parties in the U.S. District Court for the Western District of Pennsylvania. (Exh. 1.) The

district court denied ERBE's motion to amend the complaint in that action to include the present claims because ERBE filed its motion to amend months after deadline set in that district court's scheduling order. (Exh. 2.)  ERBE should have filed this action as a new action in the U.S. District Court for the Western District of Pennsylvania, but instead sought to increase Canady Technology's expenses by bringing the action in this Court.

The Complaint in this action alleges venue under 28 U.S.C. §1391(b), (c) and (d) and under 28 U.S.C. §1400(b).  The factual allegations of the Complaint, however, do not establish proper venue under any of those provisions.  Accordingly, the present action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue.

Further, the Complaint fails to state a claim against Dr. Canady personally and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) The Complaint includes the vague and ambiguous allegation that "Canady offers for sale or sells flexible endoscopic probes for gastrointestinal and tracheobronchial argon plasma coagulation, in this district and elsewhere in the United States," but that allegation fails to distinguish between Defendant Dr. Jerome Canady and Defendant Canady Technology LLC. (Complaint, at ¶6.)  In fact, Dr. Canady as an individual sells and markets nothing.  Rather, any marketing or sales activity conducted by Dr. Canady is conducted in his role at CEO of Canady Technology LLC.  ERBE's vague and ambiguous allegations do not provide Dr. Canady with sufficient notice of the claim against him, as required by Fed.R.Civ.P. 8(a) and, hence, the Complaint should be dismissed with respect to Dr. Canady pursuant to Fed.R.Civ.P. 12(b)(6).

**II.    ARGUMENT**

    **A.  Improper Venue**

The Complaint alleges proper venue under 28 U.S.C. §1391(b), (c) and (d) and 28 U.S.C. §1400.  Venue in this district, however, is not proper under any of those provisions.

Section 1391(b), (c) and (d) read as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.
>
> (c) For purposes of venue under this chapter [*28 USCS § § 1391* et seq.], a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.
>
> (d) An alien may be sued in any district.

Here, jurisdiction is not alleged solely upon diversity, but rather is alleged based upon subject matter jurisdiction. (Complaint, at ¶8.)  Accordingly, 28 U.S.C. §1391(b) is the appropriate statute for evaluating venue in this action.

Section 1391(b) recites three standards for proper venue.  First, §1391(b)(1) states that may be brought in a judicial district in which any defendant resides, *if all defendants reside in the same State*.  The Complaint very clearly states that all of the parties in this case have their

- 3 -

basic contacts, *i.e.*, the states of incorporation, principal places of business, personal residence, or places of employment outside of this district:

- Plaintiff ERBE USA, Inc. is a corporation organized under the laws of Georgia, with its corporate headquarters and principal place of bueinss in Georgia (Complaint, at ¶1);

- Plaintiff ERBE Elektromedezin GmbH is a corporation organized under the laws of Germany, which its principal place of business in Germany (Complaint, at ¶2);

- Defendant Dr. Jerome Canady resides and works in Pennsylvania (Complaint, at ¶5); and

- Defendant Canady Technology is a corporation organized under the laws of Delaware with its corporate headquarters in Hampton, Virginia and its principal place of business in Pennsylvania (Complaint, at ¶4).

The Complaint itself establishes that Dr. Jerome Canady resides in Pennsylvania. (Complaint, at ¶5.) Accordingly, proper venue cannot be established in this action under §1391(b)(1).

Section 1391(b)(2) states that an action may be brought in a judicial district in which *a substantial part of the events or omissions giving rise to the claim occurred*. Here, the Complaint purportedly asserts claims of false patent marking and falser advertising, yet nothing in the Complaint alleges that any false advertising or false marking occurred in this district, let alone a substantial part of such alleged false advertising or false marking. The only allegation in the Complaint of any activity whatsoever related to this district is that "Canady offers for sale or sells flexible endoscopic probes for gastrointestinal and tracheobronchial argon plasma coagulation, in this district and elsewhere in the United States." (Complaint, at ¶6.) In fact, the only alleged improper advertisement cited in the Complaint is a printout from Canady Technology's website. (Exh. E to Complaint.) Nothing in the Complaint provides any allegation that such advertisement was ever distributed in any way to anyone in this district. Accordingly, proper venue cannot be established under §1391(b).

- 4 -

Section 1391(b)(3) is expressly limited to situations in which "there is no district in which the action otherwise may be brought." The complaint itself establishes that both Defendants reside in the Western District of Pennsylvania. Accordingly, the case unquestionably could have been brought in the U.S. District Court for the Western District of Pennsylvania.

Section 1391(d) provides that "an alien may be sued in any district." It is not clear why the Plaintiffs in this action cite to §1391(d), as it is plainly inapplicable.

Defendants additionally do not understand Plaintiffs' allegations of venue under 28 U.S.C. §1400, which provides for venue in actions brought for patent infringement. No claim of patent infringement has been alleged in this action and hence, §1400 is plainly inapplicable.

For all these reasons, venue is improper in this district, and this action should be dismissed.

### B. Failure to State a Claim Against Dr. Jerome Canady

Dr. Canady is the CEO of Canady Technology LLC. He markets and sells no products as an individual. In their Complaint, Plaintiffs provide no justification to bring defendant Dr. Jerome Canady ("Dr. Canady") into their complaint against defendant Canady Technology LLC ("Canady Technology"). *See* Complaint at ¶ 6.

Rule 8(a) of the Federal Rules of civil Procedure requires that complaint contain "a short and plain statement of a claim showing that the pleader is entitled to relief." This court has summarized the purpose of Rule 8(a) as follows:

> The purpose of Rule 8's requirement is to give fair notice to defendants of the claims being asserted, sufficient to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies.

*Gilbert v. Chertoff*, 2006 U.S. Dist. LEXIS 70179 at *5-6 (D.D.C. 2006). There is no question that Fed. R. Civ. P. 8 (a) provides a liberal pleading standard. "But even so, the 'short and plain

statement' [required by Rule 8 (a)] must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627, 1634 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[T]he pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted." 2 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE ¶ 12.34[1][b], at 12-60 to 12-61 (3d ed. 1999). As many courts have recognized, alleging mere legal conclusions – without any hint of the substantive basis for holding a party liable – cannot defeat a Rule 12 (b) (6) motion. Here, Plaintiffs have fallen far short of providing Dr. Canady with the fair notice required by Rule 8 (a). Dr. Canady has no idea what Plaintiffs are alleging against him personally. Accordingly, Plaintiffs respectfully request that this Court dismiss the claims against Dr. Canady pursuant to Fed.R.Civ.P. 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, Defendants Dr. Jerome Canady and Canady Technology LLC respectfully request that this Court dismiss the Complaint.

Dated: October 2, 2006

By: _/s/ Timothy R. DeWitt_

Timothy R. DeWitt
24IP Law Group USA, PLLC
12 E Lake Dr
Annapolis, MD 21403
410.212.2539

Attorney for Defendants