IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERBE ELEKTROMEDIZIN GMBH, ERBE USA, INC., and CONMED CORPORATION, Plaintiffs, v. DR. JEROME CANADY and CANADY TECHNOLOGY LLC, Defendants. | Civil Action No. 05-1674<br><br>Chief Judge Ambrose<br><br>ELECTRONICALLY FILED |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION UNDER FED. R. CIV. P. 15 FOR LEAVE TO AMEND COMPLAINT

Plaintiffs, ERBE Elektromedizin GmbH and ERBE USA, Inc. (collectively "ERBE") and ConMed Corporation ("ConMed") submit this memorandum of law in support of their motion under Fed. R. Civ. P. 15(a) for leave to amend the Amended Complaint. The proposed Second Amended Complaint is attached as Exhibit 1 to Plaintiffs' motion under Fed. R. Civ. P. 15(a) for leave to amend the Amended Complaint.

### I.   INTRODUCTION

Plaintiffs instituted the above-captioned matter by filing a Complaint against Defendants on December 5, 2005. In their Complaint, Plaintiffs asserted infringement of U.S. Patent No. 5,720,745, U.S. Patent No. 4,781,175 and U.S. Trademark Reg. No. 2,637,630; unfair competition under 15 U.S.C.S. § 1125; common law trademark infringement and unfair competition; and common law passing off. Instead of answering the Complaint, Dr. Jerome Canady moved to dismiss the Complaint. In lieu of responding to Dr. Jerome Canady' motion,

on February 16, 2006, Plaintiffs filed an Amended Complaint that addressed the issues raised in the motion to dismiss. The Amended Complaint did not add any new counts to the original Complaint.

Plaintiffs now seek to amend the Amended Complaint to include a claim for relief for false patent marking under 35 U.S.C. § 292(a) and to add another claim for unfair competition based upon Defendants' violation of 35 U.S.C. § 292(a). In light of the recent May 5, 2006 decision of the U.S. Court of Appeals for the Federal Circuit in *Canady v. Erbe Elektromedizin GmbH*, No. 05-1568, 2006 WL 1328078 (Fed. Cir. May 5, 2006), Plaintiffs believe that Defendants' continued use of references to U.S. Patent No. 5,207,675 ("the '675 patent") in their advertisements for Defendants' flexible probes for argon plasma coagulation ("Canady devices") is intended to deceive the public, in violation of 35 U.S.C. § 292(a).

## II.   STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a complaint by leave of court and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This mandate is to be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). While this decision is left to the sound discretion of the Court, *see Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984), an amendment should be allowed unless there has been "'undue delay, bad faith on the part of the [movant], or prejudice to the [nonmovant] as a result of the delay.'" *Long*, 393 F.3d at 400 (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 867-68 (3d Cir. 1984)). Factors considered in determining whether the nonmovant would be prejudiced by the assertion of new claims include whether (i) significant additional resources would be needed to conduct discovery and prepare for trial and (ii) the resolution of the dispute would be significantly delayed. *Id.*

2

## III. ARGUMENT

Plaintiffs seek to amend the Amended Complaint in view of the May 5, 2006 decision of the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") affirming a lower Court's decision that found that ERBE's APC flexible probes do not infringe the '675 patent. As Canady devices are practically identical, in appearance and function, to ERBE's APC flexible probes, Canady devices cannot - - and are not - - produced in accordance with the '675 patent. As a result, Defendants' references to the '675 patent in advertisements for the unpatented Canady devices are intended to deceive the public into believing that the Canady devices are patented items, in violation of 35 U.S.C. § 292(a).

### A. There Is No Undue Delay, Bad Faith Or Prejudice

Plaintiffs respectfully submit that their motion to amend the Amended Complaint should be granted because, as detailed below, there has been no delay in proposing the Second Amended Complaint, prejudice to Defendants, or bad faith on the part of Plaintiffs. *Long*, 393 F.3d at 400.

#### 1. There Is No Undue Delay In Bringing The False Marking And Related Unfair Competition Claims

There has been no undue delay in bringing these claims for false marking and unfair competition. On May 5, 2006, the Federal Circuit affirmed the district court's conclusion that ERBE's APC flexible probes do not infringe Canady's patent - - the '675 patent. *Canady v. Erbe Elektromedizin GmbH*, No. 05-1568, 2006 WL 1328078 (Fed. Cir. May 5, 2006). The district court had previously found (twice) that "the plug [of ERBE's APC flexible probe] is not a handle for maneuvering the tube within an endoscope [as required by Canady's U.S. Patent No. 5,207,675]." *Canady v. Erbe Elektromedizin GmbH*, 384 F. Supp. 2d 176, 178 (D.D.C. 2005). Similarly, it cannot be disputed that the plug of a Canady device is not a "handle" as that term

was construed by the district court and, therefore, the Canady devices are not covered by the '675 patent. Nevertheless, despite Defendants' knowledge on how the term "handle" has been construed by the Federal Circuit, Defendants were distributing advertisements for Canady devices that referred to the '675 patent on May 21, 2006, at a tradeshow in Los Angeles. Defendants' advertisements of the unpatented Canady devices as being covered by the '675 patent are intended to deceive the public, in violation of 35 U.S.C. § 292(a).

> 2. The False Marking And Unfair Competition Claims Would Not Prejudice Defendants

Defendants would not be prejudiced if the Amended Complaint is amended to include false marking and unfair competition claims. Defendants will not have to expend significant additional resources to conduct discovery and prepare for trial. Moreover, the resolution of this case would not be significantly delayed. The parties have just begun providing discovery. In fact, discovery has barely begun - - no depositions have been taken, or even noticed in the present lawsuit.

> 3. There Is No Bad Faith On Part of Plaintiffs In Bringing The False Marking And Related Unfair Competition Claims

Plaintiffs' motion to amend the Amended Complaint is not made in bad faith or with dilatory motive. There have been no ulterior motives for Plaintiffs to amend the Complaint earlier. *See J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614 (3d Cir. 1987) ("[T]he question . . . of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint earlier." (citation omitted)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (coupling "bad faith" with "dilatory motive"). Here, Plaintiffs bring this motion in view of the recent May 5, 2006 Federal Circuit decision that ERBE's APC flexible probes do not infringe Canady's patent, and in view of the May 21, 2006 advertisements by Defendants of the Canady

4

patent in conjunction with the unpatented Canady devices. Plaintiffs have not acted in bad faith in bringing this motion.

    B.    <u>Plaintiffs' Motion For Leave To Amend The Complaint Should Be Granted In The Interest Of Judicial Economy</u>

Plaintiffs' motion for leave to amend the Amended Complaint should be granted to allow this Court to conserve judicial resources by combining the false marking and unfair competition claims with the pending claims in the present lawsuit. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599-600 (5th Cir. 1981) (denial of motion to amend complaint violates "rule 1, which directs that '(T)hese rules . . . shall be construed to secure the just, speedy and inexpensive determination of every action.' Fed. R. Civ. Pro. 1." (alterations in original)); see also *Trueposition, Inc. v. Allen Telecom*, Inc., No. CIV.A.01-823 GMS, 2002 WL 1558531, at *2 (D. Del. July 16, 2002) ("it is clearly in the interest of judicial economy to dispose of all of the claims between the parties in one proceeding" citing *Jenn-Air Products Co. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 594 (E.D. Pa. 1968)).

If Plaintiffs' motion is denied, Plaintiffs would be required to file a separate cause of action. All the resources of Plaintiffs, Defendants and the Court would be inefficiently used by essentially repeating the same discovery and trial preparation and by requiring two trials. All these action would undercut the policy of the federal rules in favor of consolidating litigation, to facilitate an efficient and expeditious resolution of disputes.

DSMDB-2087118v03

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs request that this Court enter an Order granting Plaintiffs' Motion Under Fed. R. Civ. P. 15(a) For Leave To Amend Complaint.

Dated: May 31, 2006                    Respectfully submitted,


By:  /s/ Philip G. Hampton, II
     Philip G. Hampton, II
     DC I.D. 460787
     Gabriela I. Coman
     DC I.D. 470731
     DICKSTEIN SHAPIRO MORIN
        & OSHINSKY LLP
     2101 L Street, NW
     Washington, DC  20037-1526
     (202) 785-99700
     hamptonp@dsmo.com

     Leland P. Schermer
     PA. I.D. 47283
     LELAND SCHERMER & ASSOCIATES, P.C.
     11 Stanwix Street, 7th Floor
     Pittsburgh, PA  15222


     Attorneys for ERBE, ERBE USA, and ConMed

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31th day of May 2006, I have caused a true and correct copy of the foregoing Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion Under Fed. R. Civ. P. 15 for Leave to Amend Complaint to be served by electronic mail and by United States First Class Mail, postage prepaid, on:

>Daniel M. Darragh, Esq.
>Cohen & Grigsby, P.C.
>11 Stanwix Street – 15th Floor
>Pittsburgh, PA  15222
>
>Timothy R. DeWitt
>24 IP Law Group USA, PLLC
>600 Cameron Street
>Alexandria, VA  22314
>
>Brad R. Newberg, Esq.
>Christopher Winters, Esq.
>Newberg & Winters LLP
>8300 Boone Blvd., Suite 600
>Vienna, VA  22182

/s/ Philip G. Hampton, II
    Philip G. Hampton, II