IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ERBE USA, INC. and<br>ERBE ELEKTROMEDIZIN GMBH<br><br>        Plaintiffs,<br><br>        v.<br><br>DR. JEROME CANADY and<br>CANADY TECHNOLOGY LLC<br><br>        Defendants. | Civil Action No. 06-1504 EGS<br><br>JURY TRIAL REQUESTED |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(3) AND 12(b)(6)**

Plaintiffs ERBE USA, Inc. and ERBE Elektromedizin GmbH (collectively, "ERBE") oppose Defendants Dr. Jerome Canady and Canady Technology LLC's (collectively, "Canady") motion to dismiss the Complaint under Fed.R.Civ.P. 12(b)(3) for improper venue and under Fed.R.Civ.P. 12(b)(6) for failure to state a claim against Dr. Jerome Canady.

**I.      INTRODUCTION**

Dr. Jerome Canady ("Dr. Canady"), is the founder of Canady Technology LLC ("Canady Technology") and the owner of U.S. Patent No. 5,207,675 ("the '675 patent"). Dr. Canady plays a key role in the day-to-day operation of Canady Technology. Moreover, in the many patent infringement litigations brought against ERBE, Dr. Canady and the predecessor company to Canady Technology have been

interchangeable, i.e., based upon their convenience or whim, either the corporation and Dr. Canady or just Dr. Canady alone has sued ERBE.

In this court, in August of 1996, Dr. Canady and Canady Technology's predecessor corporation, Argon Electro-Surgical Corporation ("Argon Electro-Surgical"), sued ERBE for alleged infringement of the '675 patent. However, in 2005, when seeking to enforce the European counterparts of the '675 patent in the United Kingdom and Germany, Dr. Canady alone sued ERBE.

In 2005, this Court construed the claims of the '675 patent as a prelude to finding that ERBE did not infringe. Exhibit C of the Complaint. Judge Urbina construed the '675 patent to include a limitation of a handle that maneuvers a tube within an endoscope and found that ERBE's devices did not include such a handle. Id. at 15-16. In the present action, ERBE asserts that 1) Canady knows a handle is required for a device to be marked under the '675 patent, 2) Canady knows its probes do not include a handle, and 3) Canady is falsely marking its probes under the '675 patent. This court is the proper venue for the present action of false marking and false advertising since the complaint in large measure asks this Court to give credence to its decision in a case brought by Dr. Canady and Canady Technology's predecessor corporation in this district.

II. **ERBE's Complaint Properly States Claims of False Patent Marking and False Advertising Against Dr. Canady.**

ERBE names both Dr. Canady and Canady Technology as defendants in this suit, identifying them separately and referring to them collectively as "Canady" on the first page of the Complaint. Indeed, with the exception of paragraphs 14, 16, 22, and 23, all of the detailed allegations, and Counts I, II and III that follow, are directed at Canady,

2

Case 1:06-cv-01504-EGS   Document 8   Filed 10/13/2006   Page 3 of 8

the collective group of Dr. Canady and Canady Technology. Hence, the Complaint presents allegations of false patent marking and false advertising against *both* Dr. Canady and Canady Technology.

Canady admits "any marketing or sales activity conducted by Dr. Canady is conducted *in his role at* [sic] *CEO of Canady Technology LLC*." Memorandum in Support of Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3) and 12(b)(6) ("Opening Memo"), at 2. Therefore, it is uncontrovertable that Dr. Canady is personally liable for acts of false patent marking and false advertising committed by Canady Technology. "[I]n general, a corporate officer is personally liable for his tortuous acts, just as any individual may be liable for a civil wrong. This general rule 'does not depend on the same grounds as piercing the corporate veil.'" Ohio Cellcular Prods. Corp. v. Adams USA, Inc., 175 F.3d 1343, 1349 (Fed. Cir. 1999), *rev'd on other grounds*, Nelson v. Adams USA, Inc., 529 U.S. 460 (2000), quoting Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1411 (Fed. Cir. 1996); *see also* Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1579 (Fed. Cir. 1986) ("[O]fficers of a corporation are personally liable for tortious conduct of the corporation if they personally took part in the commission of the tort.")

In various other litigations between ERBE and Canady, including the suit he brought in this Court in 1996, Dr. Canady has interchangeably acted as an individual, or, in concert with a corporation that he has controlled, as the occasion warranted. For example, American courts do not routinely assess the losing party court costs and attorneys' fees. Therefore, when Dr. Canady wanted to sue ERBE in the United States, Dr. Canady, in his individual capacity, *and* Argon Electro-Surgical were the plaintiffs. However, in the United Kingdom and Germany, Dr. Canady, in his individual capacity, sued ERBE for infringement of European counterparts of the '675 patent. In these

3

DSMDB-2157330v3A

jurisdictions, unsuccessful plaintiffs are often required to pay court costs and legal fees for the prevailing defendant.  Moreover, in these jurisdictions, the court may garnish the assets of a corporation to pay such costs.[1]

### III.   The District of Columbia is an Appropriate Venue Since it is This Court's Interpretation of the Claims of the '675 Patent Upon Which the Present Complaint is Based.

It is uncontrovertable that the District Court for the District of Columbia is a proper forum.  28 U.S.C. § 1391 provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  The District of Columbia is the proper venue for this action of false patent marking and false advertising.  In 1996, Dr. Canady and Argon Electro-Surgical sued ERBE for alleged infringement of the '675 patent in this Court.  At that time, Dr. Canady and Argon Electro-Surgical found this venue appropriate for their claim of infringement of the '675 patent, even though ERBE was not a resident in this district and neither ERBE entity had employees domiciled in this forum.

For Canady now to assert that this venue is an improper venue because the District of Columbia is not where "a substantial part of the events or omissions giving rise to the claim occurred" is disingenuous.  Through its complaint, ERBE is asking this Court to determine that the Canady devices are not manufactured according to the '675

---

[1] Despite failing in all of its suits against ERBE, Canady protected its corporate assets by filing the suits in Dr. Canady's name in cases where the losing plaintiff typically pays the prevailing defendant's costs.  When Dr. Canady and his company lost the case in the U.S., they were only required to pay minimal court costs.  However, when Dr. Canady lost the case in the United Kingdom, he was ordered to pay ERBE hundreds of thousands of dollars.  Since Dr. Canady had no assets in the U.K., he was able to "walk out" on this debt and his company's assets could not be attached since it was not a party to the lawsuit.

patent, as that patent has been construed by this Court *in this jurisdiction*. A substantial portion of the events giving rise to the claims alleged in the complaint not only occurred within the District of Columbia, but, indeed, they occurred within the walls of this very Court. Moreover, ERBE's false advertising claims also arise out of Canady's falsely marking its devices as being covered by the '675 patent – the very patent that was construed by this Court.[2] In light of these facts and allegations, all of which were pled in the Complaint, the District of Columbia is the appropriate venue for this action.

### IV.     Canady Cannot Avoid Litigation in All Forums Merely Because it is Expensive to Litigate in Two Forums.

In 2005, ERBE brought an action against Canady in the Western District of Pennsylvania for, *inter alia*, infringement of ERBE's patent, U.S. Patent No. 5,720,745, and trademark, U.S. Trademark Registration No. 2,637,630. Although ERBE believed the District of Columbia court was the appropriate venue for this action, ERBE sought to amend the complaint in the Western District of Pennsylvania to include the false patent marking and false advertising to save judicial resources. However, Canady opposed the amendment to the complaint and asserted that ERBE was attempting to increase Canady's litigation expenses by delaying resolution of ERBE's pending claims in the Western District of Pennsylvania. Judge Ambrose agreed with Canady and refused to allow the complaint to be amended.

Now, when ERBE brings an action for false patent marking and false advertising in the same court as Canady chose to litigate its claim that ERBE infringed the '675 patent, Canady asserts that the Western District of Pennsylvania is the proper forum.

---

[2] Moreover, at least some of Canady's false advertising is done on the internet, accessible to consumers in this jurisdiction.

5

Canady further alleges that by bringing this action in the District of Columbia, ERBE once again seeks merely to "increase Canady Technology's expenses". Opening Memo at 2. But Canady cannot have it both ways – it cannot avoid litigating ERBE's claims of false markings and false advertising because of costs in the ongoing Western District of Pennsylvania litigation and similarly avoid litigating those claims in the Canady's originally chosen forum – the District of Columbia. Essentially, Canady's untenable position is that ERBE's false marking and false advertising claims are just too costly for Canady to litigate in either forum. Canady's argument, that it should not have to litigate the claims of false marking and false advertising brought against it by ERBE in either jurisdiction because of an alleged additional expense, *after it unsuccessfully sued ERBE in three different countries,* is obviously flawed on its face and must be rejected.

## V.     Conclusion

In 1996 Canady chose to litigate issues related to the '675 patent in this forum. For at least this reason as well as all of the other foregoing reasons, ERBE respectfully requests that this Court deny Defendants' motion to dismiss the Complaint.

Dated: October 13, 2006                    Respectfully submitted,


                                           By:    /s/ Philip G. Hampton, II_____
                                                  Philip G. Hampton, II
                                                   D.C. Bar No. 460787
                                                  Charmaine Cheung
                                                   D.C. Bar No. 489141

                                                  DICKSTEIN SHAPIRO LLP
                                                  1825 Eye Street, NW
                                                  Washington, DC  20006-5403
                                                  (202) 420-2200

                                                  Attorneys for ERBE USA, INC. and
                                                  ERBE ELEKTROMEDIZIN GMBH

DSMDB-2157330v3A

## CERTIFICATE OF SERVICE

     I hereby certify that on this 13th day of October, 2006, a copy of the foregoing Memorandum in Opposition to Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3) and 12(b)(6) was filed electronically and notice of filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's electronic filing system. Also, a copy of this filing was served on counsel listed below via First Class Mail.

          Timothy R. DeWitt
          24IP Law Group USA, PLLC
          12 E Lake Dr.
          Annapolis, MD 21403

          /s/ Charmaine Cheung
          Charmaine Cheung