**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
                                   )
ERBE USA, INC., et al.             )
                                   )
              Plaintiffs,          )    Civil Action No. 06-1504 (EGS)
         v.                        )
                                   )
JEROME CANADY, et al.              )
                                   )
              Defendants.          )
                                   )
```

## MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss or, in the alternative, to transfer venue.  Upon consideration of the motion, the response and reply thereto, the Court will transfer this action to the United States District Court for the Western District of Pennsylvania.  The portion of the motion seeking a dismissal, therefore, is denied as moot.

## I.    BACKGROUND

Plaintiff ERBE USA, Inc. is a corporation existing under the laws of the State of Georgia with its principal place of business and corporate headquarters in Marietta, Georgia.  Compl. ¶ 1. Plaintiff ERBE Elektromedizin GmbH is a corporation existing under the laws of Germany with its principal place of business in Tubingen, Germany.  *Id*. ¶ 2.

Defendant Canady Technology, LLC is a corporation existing under the laws of the State of Delaware with its corporate headquarters in Hampton, Virginia and its principal place of

business in McKeesport, Pennsylvania. *Id*. ¶ 4. Defendant Jerome Canady resides in McKeesport, Pennsylvania and is the principal owner and CEO of Canady Technology, LLC. *Id*. ¶ 5.

In September 2005, defendants began importing and offering for sale "in the district and elsewhere in the United States" flexible endoscopic probes that could only be used with ERBE-manufactured argon systems to perform argon plasma coagulation. *Id*. ¶ 24. In May 2006, defendants began importing and offering for sale "in the district and elsewhere in the United States" a second type of endoscopic probe used to perform argon plasma coagulation. *Id*. ¶ 27. Defendants advertise both of these devices as covered by U.S. Patent No. 5,207,675 ("the '675 patent"). *Id*. ¶¶ 26, 28. In attempting to sell their probes, defendants also claim in their advertising to be the first to invent argon plasma coagulators via flexible catheters. *Id*. ¶ 30.

On August 25, 2006, plaintiffs filed a complaint in this Court claiming that defendants are engaged in false marketing and false advertising of endoscopic probes in violation of 35 U.S.C. § 292, 15 U.S.C. § 1225, and 15 U.S.C. § 1125. Plaintiffs allege that defendants are advertising that their probes are covered by the '675 patent when defendants' probes do not have all the elements claimed by the patent. *Id*. ¶¶ 32, 37. Plaintiffs further allege that defendants' claim that they were the first to

2

invent argon plasma coagulators via flexible catheters is false and is likely to deceive consumers of electrosurgical probes used in argon plasma coagulation.  *Id*. ¶ 47.

## II.  DISCUSSION

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, defendants move to dismiss the complaint based on improper venue.[1]  Alternatively, defendants request that the case be transferred to the Western District of Pennsylvania.

In ruling on a motion to dismiss, the Court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *2215 Fifth St. Assocs., LP v. U-Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).  The Court, however, need not accept the plaintiff's legal conclusions as true.  *Id*.  To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue.  *Id*.

Plaintiffs claim that the District of Columbia is the proper venue because it is a district "in which a substantial part of the events or omissions giving rise to the claim occurred." Pls.' Mem. in Opp'n to Defs.' Mot. to Dismiss ("Pls.' Opp'n") at

---

[1] Defendants have also moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court need not decide this issue because the Court finds that it is not the proper venue for this case and will transfer the case to the Western District of Pennsylvania on that ground.

4; 28 U.S.C. § 1391(b)(2).[2]  Specifically, plaintiffs argue that
the parties were previously engaged in extensive litigation over
the '675 patent in this district and this Court construed the
parameters of the patent.  Pls.' Opp'n at 4-5.  Plaintiffs claims
arise out of defendants' alleged false marketing of their probes
as being covered by the '675 patent.  *Id*. at 5.  Plaintiffs argue
that because this Court construed the '675 patent, a substantial
portion of the events giving rise to their claims – namely, the
construal of the patent – occurred in the District of Columbia.
*Id*.

Defendants submit that neither the plaintiffs nor the
defendants have any employees or facilities in the District of
Columbia.  Defs.' Mem. in Support of Defs.' Mot. to Dismiss at 1.
Moreover, plaintiffs have sued for false advertising and false
marketing and nothing in the complaint alleges that any such
advertising or marketing occurred in the District of Columbia.
*Id*. at 4; Defs.' Reply in Support of Defs.' Mot. to Dismiss at 1.

Venue is not proper in this district because all of the
alleged acts of false advertising and false marketing occurred
outside this district, presumably in the Western District of

---

[2] Plaintiffs initially claimed that venue was proper under
28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).  In their
opposition to defendants' motion to dismiss, however, plaintiffs
only focus on § 1391(b)(2).  The Court finds that plaintiffs have
conceded that venue is not proper under the other statutory
provisions cited by failing to raise any arguments in response to
defendants' challenges to those provisions.

Pennsylvania where Dr. Canady resides and where Canady Technology has its principal place of business.  The Court is not persuaded by plaintiffs' argument that because a court will have to look at a decision rendered by this Court in a prior lawsuit construing the '675 patent to determine whether defendants are engaged in acts of false advertising, this Court is somehow the proper venue.  Plaintiffs have sued defendants for false advertising and false marketing, not patent infringement.

When a plaintiff files an action in the wrong district, the district court in which the case was filed "shall dismiss, or if it be in the interest of justice, transfer such case" to the proper venue.  28 U.S.C. § 1406(a).  As a general matter, transfer of the case is favored over dismissal.  *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2003).  A district court may transfer a civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  The party seeking transfer of a case bears the burden of demonstrating that transfer pursuant to § 1404(a) is warranted.  *Gemological Inst. of Am., Inc. v. Trang Thi-Dai Phan*, 145 F. Supp. 2d 68, 71 (D.D.C. 2001).  Additionally, the party must demonstrate that the action could have been brought in the proposed transferee district.  *Id.*

5

As noted above, all of the events giving rise to the claims in the complaint occurred outside the District of Columbia. Dr. Canady and Canady Technology are located in Western District of Pennsylvania. The cause of action arose in that jurisdiction. The relevant witnesses and documents are in that jurisdiction. Therefore, in the interest of justice, the case will be transferred to the Western District of Pennsylvania.[3] Because this case is being transferred, the portion of defendants' motion seeking to dismiss this case is denied as moot.

**III. CONCLUSION**

For the reasons stated above, the Court will transfer the case. An order consistent with this memorandum opinion will be issued separately on this same day.


**Signed:    EMMET G. SULLIVAN**
**            UNITED STATES DISTRICT JUDGE**
**            November 21, 2006**

_____

[3] It is not inconsequential that there is currently a related action pending between the parties to this case in the Western District of Pennsylvania. Plaintiffs initially tried to bring the exact claims at issue in this case in their case in Pennsylvania but were denied the opportunity because they failed to timely file a motion to amend their complaint. Defs.' Mem. in Support of Defs.' Mot. to Dismiss at 2.